Louis CAIN

v.

BOWATER'S NEWFOUNDLAND PULP
AND PAPER MILLS, Ltd.

Otto NILSSEN

v.

BOWATER'S NEWFOUNDLAND PULP
AND PAPER MILLS, Ltd.

Civ. Nos. 16451, 16450.

United States District Court
E. D. Pennsylvania.

Oct. 27, 1954.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

LORD, District Judge.

The case is before this Court on a motion by defendant-respondent to transfer the suits to the United States District Court for the District of Delaware under the provisions of 28 U.S.C.A. § 1404(a).

Three admiralty actions arising out of this collision have already been transferred to the Delaware Court. Defendant asserts as its reasons for transfer various facts reflecting the convenience of parties and witnesses, in the interest of justice. Details of such reasons need not be outlined here; suffice to say, the Court believes proper administration of justice will best be served by transferring the case to the Delaware District Court.

Plaintiffs claim that defendant is not entitled to obtain transfer of these civil actions as a matter of law. They argue that since they did not have a choice of more than one forum (because defendant was not amenable to service of process in the District of Delaware), transfer under § 1404(a) cannot be granted. Plaintiffs cite Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055, as requiring "at least two forums in which the defendant is amenable to process" before transfer can be considered. Without discussing at length the doctrine of *forum non conveniens* this Court believes that § 1404(a) of Title 28 is more than a codification of the doctrine of *forum non conveniens;* it is also a revision. Ex parte Collett, 1949, 377 U.S. 55, 62, 69 S.Ct. 944, 93 L.Ed. 1207; Paramount Pictures, Inc., v. Rodney, 3 Cir., 1951, 186 F.2d 111, 113, note 5; Jiffy Lubricator Co., Inc., v. Stewart-Warner Corp., 4 Cir., 1949, 177 F.2d 360, 362. 28 U.S. C.A. § 1404(a) states:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The main problem in this case is to determine the meaning of the phrase "where it might have been brought". This Court believes the only true meaning can be "where it might have been brought *now.*" Whether plaintiffs did or did not have a choice of forums at the inception of the action is of no consequence as affecting the result of this Court's decision. Consent of the party seeking transfer is sufficient to bring the case within the words "where it might have been brought". Paramount Pictures, Inc., v. Rodney, supra [186 F.2d 112].

Granting plaintiffs' contention that service of process has no connection with venue, this Court fails to see that a transfer under § 1404(a) cannot be permitted as a matter of law. By moving for a transfer, the defendant has agreed to submit itself to the Delaware District Court. Surely, such consent would permit suit to be brought *now* in the Delaware District Court. The language of Chief. Judge Biggs in Paramount Pictures, Inc.' v. Rodney, supra, is definitive of this reasoning. On page 114 of 186 F.2d he states:

"The difference between the phrase 'might have been brought' of Section 1404(a) and that employed in this opinion, 'could now be brought', is no more than one of tense and grammar, the imperfect subjunctive as compared to the pluperfect subjunctive. Surely Congress did not intend the effect of an important remedial statute to turn upon tense or a rule of grammar."

The Congressional purpose of enacting § 1404(a) was " * * * to grant broadly the power of transfer for the convenience of parties and witnesses, in the interest of justice, whether dismissal under the doctrine of forum non conveniens would have been appropriate or not." Jiffy Lubricator Co., Inc., v. Stewart-Warner Corp., supra [177 F.2d 362].

Accordingly, transfer of the action will be granted.