732

**Basil A. BUCHANAN**

v.

**NEW YORK CENTRAL RAILROAD CO.**

Civ. A. No. 21325.

United States District Court
E. D. Pennsylvania.

Feb. 11, 1957.

Bernstein & Bernstein, Herbert F. Holmes, Jr., Philadelphia, Pa., for plaintiff.

Myers, McVeigh, Mansfield & O'Brien, Joseph F. McVeigh, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

In this action the plaintiff alleges that his fall from the defendant's signal tower and his consequent injuries were caused by improper construction and maintenance of that tower, located near Avis, about 17 miles from Williamsport, in the Middle District of Pennsylvania. The defendant has moved to transfer[1] the action to that district.

It appears from the defendant's supporting affidavits that the defendant intends to call eight named witnesses, residents of that district, to testify to the construction and maintenance of the tower. Defendant neither avers that all

1. 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

eight witnesses are necessary nor that their testimony will not be cumulative. The inference is drawn that the testimony of these eight witnesses will, at least in part, be cumulative. These witnesses, as well as the others named and intended to be called by the defendant, are for the most part either employees of the defendant or persons retained by it in connection with the preparation of its defense.

Little weight can be given to the defendant's contention that the witnesses are beyond reach of subpoena from this district and that the defendant may be harmed by offering their testimony in deposition form because the jury will lack opportunity to observe and hear them in person. The defendant does not aver that any of the witnesses will refuse to appear voluntarily in this district when requested and, in view of the relationship between the defendant and its witnesses, it would be unrealistic to infer that these witnesses would ignore such a request by the defendant. This is supported by the defendant's alternative contention that it would be put to a greater expense to bring its witnesses to this district for the trial.

■■ The defendant's motion essentially rests on its assertions that the distance to be travelled by its witnesses to a trial in the Middle District would be approximately 100 miles less than to one in this district, and that the case would be reached for trial at an earlier date in the Middle District. Defendant has filed no affidavit of any proposed witness alleging that attendance at trial in this district would, for any reason, inconvenience the witness. In view of available modern transportation facilities the mileage differential is inconclusive. While prompt disposition of litigation is highly desirable, it should not be permitted, ipso facto, to' deprive the plaintiff of his choice of forum.

■ In passing upon defendant's motion to transfer, the court is obliged to give consideration to the same factors, including plaintiff's choice of forum, which were relevant under the doctrine of forum non conveniens, but the court now has a broader discretion in determining whether a transfer should be granted upon a lesser showing of inconvenience than that required by that old doctrine. Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789.

■ After consideration of all the relevant factors, the court concludes that the convenience which would result to the defendant and its witnesses by a transfer of this action to the Middle District is insufficient in degree to outweigh the plaintiff's choice of forum made in exercise of the right given the plaintiff by the Federal Employers' Liability Act,[2] and that the interest of justice does not require the transfer of this action.

Order

Accordingly, this 11th day of February, 1957, the defendant's motion for transfer to the Middle District of Pennsylvania is denied.