Anna V. GOWER, Administratrix of the
Estate of Russell E. Weidman,
Deceased

v.

CHESTNUT RIDGE RAILWAY
COMPANY
and
Pennsylvania Railroad Company
and
Lehigh and New England Railroad
Company.

Civ. A. No. 21934.

United States District Court
E. D. Pennsylvania.

Sept. 3, 1958.

Elias Magil, Philadelphia, Pa., and
Martin Philip, Palmerton, Pa., for plain-
tiff.

Arthur R. Littleton, Morgan, Lewis
& Bockius, Philadelphia, Pa., for defend-
ant Chestnut Ridge R. Co.

LEAHY, District Judge.

Plaintiff's decedent, an employee of the
Chestnut Ridge Railway Company as a
brakeman, was riding a caboose when the
car in front jumped the track and in the
accident that followed decedent was
crushed beneath a Pennsylvania Railroad
boxcar and killed. The other defendants
are the Pennsylvania Railroad Company
and Lehigh and New England Railroad
Company. Suit was started on January
16, 1957. Interrogatories and answers
have been filed. More than a year after
suit was started defendant Chestnut
Ridge Railway Company moved for a
change of venue to the Middle District
under 28 U.S.C.A. § 1404.

1. Defendant argues the facts as
to the locus of the accident (Palmerton,
Pa.) and the availability of witnesses
support a change of venue. There is no
point in reviewing all the cases for each

depends upon its own particular circumstances. The statutory test of 28 U.S. C.A. § 1404(a) is convenience of parties and witnesses and whether the transfer will be in the interest of justice. Certain criteria has recently been discussed by Judge Kaufman in "Observations on Transfers Under Section 1404(a)" in 10 F.R.D. 595. There is talk the balance of convenience must be in favor of the movant. To sum up defendant's position: transfer should be had because it is amenable to suit in the Middle District; all eyewitnesses reside there; the place of the accident is within the Middle District; defendant will be inconvenienced and its operations curtailed due to the absence of 25% of its employees as witnesses at the trial of the case here in Philadelphia; and "in the interest of justice" this case should be transferred to the Middle District.

 2. Plaintiff opposing the transfer points out all of defendant's witnesses are located only 65 miles from Philadelphia, and plaintiff's witnesses are from Sewell, New Jersey (15 miles) and from Philadelphia. Thus all witnesses are within the 100 mile subpoena limit. Plaintiff insists that under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., she should be given choice of forum. Reliance is made on Judge Kraft in Buchanan v. New York Central Railroad Co., D.C., 148 F.Supp. 732, involving refusal to transfer to the Western District; Judge Welsh in Bailey v. New York Central Railroad, D. C., 191 F.Supp. 166, involving refusal to transfer to the Middle District; likewise Judge Kirkpatrick in Naughton v. Pennsylvania Railroad Company, D.C.E.D.Pa., 85 F. Supp. 761, refused in 10 cases to transfer to the Western District. Plaintiff's position, here, comes within the thought of Judge Rodney in Brown v. Insurograph, Inc., D.C.Del., 85 F.Supp. 328, 330: "A denial to the plaintiff of the forum of his choice on the ground of convenience of parties should not be based solely on the convenience of the defendant and transfer on such ground, over objection, should be based upon a more conclusive showing of convenience than the mere desire of the defendant."

 3. I can find no case under the Federal Employers' Liability Act where all witnesses are within the subpoena limit and such a change of venue has been granted over the objection of plaintiff. § 6 of the Federal Employers' Liability Act gives the injured employee or his representative a wide choice of forum in which to bring the action. This right should be recognized unless serious inconvenience or injustice to the defendant will result. Under former decisions of this Court, and under the facts at bar, the motion of defendant to transfer this action from this District to the Middle District over the objections of plaintiff will be denied.

An order should be submitted.