Walter O. HEISER, Special Administrator of the Estate of Janice Mae Heiser Plaintiff,

v.

UNITED AIR LINES, Inc., and Trans World Airlines, Inc., Defendants.

United States District Court
S. D. New York.

Nov. 3, 1958.

Speiser, Smith & O'Brien, New York City, for plaintiff, Edward M. O'Brien, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for Trans World Airlines, Inc., P. G. Pennoyer, Jr., New York City, of counsel.

### SUGARMAN, District Judge.

Defendant Trans World Airlines, Inc. moves for an order "transferring this case from the United States District Court for the Southern District of New York to the United States District Court for the Western District of Missouri, pursuant to the provisions of 28 U.S.C. [§] 1404."

In support of its motion and in order to sustain its claim that the transfer will result in convenience to the parties and will be in the interest of justice, movant shows in essence that:

1) The proposed transferee district will be more convenient to plaintiff.

2) There has been no pre-trial activity in this action.

3) Vital witnesses and records are more readily accessible in the proposed transferee district than here, and less expense will be involved in a trial in Missouri.

4) A question of Missouri law will be raised in defense of the action.

Treating these matters seriatim:

1) I do not see where plaintiff's inconvenience is of any moment on a motion of this type. If plaintiff is willing to suffer inconvenience and expense by suing in this district, his disposition so to do is entirely his concern.

2) Absence of pre-trial activity in the transferor district is at best a minor factor on a motion of this nature. In any event, plaintiff claims that he has taken the deposition in this action of one of defendant's employees and of a government employee.

3) Trial of the case in this district will impose upon the moving defendant a considerable expense and burden in producing its indispensable witnesses. However, it is not disputed that there are pending in New York State five actions arising out of this accident, four in this district and one in the Northern District. The court is unable to discern how movant will be prejudiced by requiring this action to be tried in the Southern District of New York in the light of the fact that four other actions with nearly identical issues will be tried in this court. They will undoubtedly be consolidated for trial. There is no intimation that any of movant's prospective witnesses will be hostile or unwilling to appear in this court.

Considering that it must defend other actions in this court, the only additional inconvenience and expense to movant which will result from not disturbing plaintiff's choice of forum appears to be the production of unnamed witnesses in mitigation of damages. Opposed to this is the burden which would shift to plaintiff in attempting to produce in Missouri his expert witness, a consulting engineer, Sam Tour, who is a New York resident and who has examined the wreckage of the two aircraft which collided.

4) Questions of foreign law have come before this court in the past and none have been found insoluble. The fourth factor urged by movant is not persuasive.

The equities of this case do not favor a transfer.

The motion is denied. This, notwithstanding the decisions in Cressman v. United Air Lines, Inc., D.C., 158 F.Supp. 404; Braughton v. United Air Lines, 5 Avi. 17,934.