Ray MEDICH

v.

AMERICAN OIL COMPANY (two cases).
No. 491 of 1958; Civ. A. No. 25645.

United States District Court
E. D. Pennsylvania.

June 5, 1959.

·Freedman, Landy & Lorry, by Alan J. White, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendant.

BIGGS, Circuit Judge.*

These two cases may be disposed of in one opinion. The plaintiff is a seaman

* Specially designated.

in the United States Merchant Marine who alleges that he was injured aboard the S.S. Amoco Maine, when attacked and beaten by another member of the crew. He has filed a libel in Admiralty No. 491 of 1958 for maintenance and cure. He has also filed a civil action under the Jones Act, 46 U.S.C.A. § 688. The defendant has filed motions in both cases under Section 1404(a), Title 28 U.S.C., to remove both actions to the United States District Court for the Southern District of Texas.

Authority is divided as to whether Section 1404(a) of Title 28 U.S.C. applies to actions in admiralty. See cases collected in Petition of Backman, D.C.D. Del.1954, 122 F.Supp. 896. The United States District Court for the District of Delaware has recently held that Section 1404(a) does so apply. Higgins v. California Tanker Co., 1958, 166 F.Supp. 42. The position of the Eastern District of Pennsylvania is not altogether clear. Compare Sun Oil Co. v. Transcontinental Gas Pipe Line Corp., D.C.E.D.Pa.1952, 108 F.Supp. 280 (dictum to effect that no transfer may be made), affirmed 3 Cir., 1953, 203 F.2d 957, with Cain v. Bowater's Newfoundland Pulp & Paper Mills, D.C.E.D.Pa.1954, 127 F.Supp. 949 (indicating that transfer had been made). The Court of Appeals for the Second Circuit has held that an admiralty libel in personam may be transferred. Arrowhead Co. v. The Aimee Lykes, 1951, 193 F.2d 83. The weight of authority is that the Section applies to actions in admiralty. Gilmore & Black, Admiralty, p. 681, n. 47 (1957).

It is not necessary for the court to decide which position is correct, for assuming *arguendo* that Section 1404(a) does apply here, the court is not moved, in the exercise of its discretion,[1] to grant the motion. Defendant has filed an affidavit which alleges that the person who engaged in the altercation with plaintiff resides in Texas, that four other crew members who are witnesses also reside there, that another crew-member-witness resides in New Orleans, and that a physician who had examined the plaintiff resides in Texas.

There will be no difference in the appropriateness of this forum or that of the Southern District of Texas in applying local law for the causes of action here are peculiarly federal. The plaintiff is a resident of Pennsylvania, as is also a prospective expert witness, a physician who conducted a neurological examination. The private interest of the plaintiff in having the suit conducted here is certainly a factor to be considered. While the defendant has stressed that the seamen witnesses all reside in or near the Southern District of Texas, the very fact that their witnesses are seamen dilutes the importance of this factor; by the nature of their employment seamen are often unavailable as witnesses and their testimony must then be submitted in deposition form. In the case at bar the fact that another district is more convenient to witnesses who may testify is not a sufficiently strong factor to overcome plaintiff's venue privilege. Skultety v. Pennsylvania R. Co., D.C.S.D.N.Y. 1950, 91 F.Supp. 118.

On the basis of the foregoing I cannot see why in the interest of justice the plaintiff's choice of forum should be disturbed.

The motions to transfer these cases to the Southern District of Texas will be denied.

An order may be submitted.

---

1. Judge Van Dusen, in Jurgelis v. Southern Motors Express, D.C.E.D.Pa.1959, 169 F.Supp. 345, 346, plainly pointed to the sources of the standards to be employed in determining whether a transfer should be made: "It appears, therefore, that under the present state of the law, the factors to be considered by a court in determining whether or not to transfer the action under § 1404(a) are established by the Gulf Oil Corp. case [Gulf Oil Corp. v. Gilbert, 1946, 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055], and the degree of discretion to be exercised by the court is established by the Norwood case [Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789]."