James W. McFARLIN

v.

ALCOA STEAMSHIP COMPANY, Inc.

Civ. A. No. 29906.

United States District Court
E. D. Pennsylvania.

Nov. 9, 1962.

794

John Dorfman, of Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff.

Joseph P. Green, of Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

FREEDMAN, District Judge.

Defendant has moved to transfer this action to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C.A. § 1404(a).[1]

The action was brought under the Jones Act (46 U.S.C.A. § 688) by a merchant seaman, on a claim that he fell and fractured his arm on returning to the defendant's vessel from shore leave in New Orleans, Louisiana. He alleges that the fall was caused by defendant's failure to provide a temporary gang rail with adequate hand lines.

The factors to be considered in determining whether or not a transfer should be ordered are clearly expressed in the statute and are reiterated in the Revisor's note. Their application is illustrated in the numerous decisions which have already accumulated on the subject. These factors are the convenience of the parties, the convenience of the witnesses and the interest of justice. See Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), where the relevant factors under *forum non conveniens* were described. Since what is sought is merely the transfer of the action to the district court of another district, our discretion is broader than it was under the harsher doctrine of *forum non conveniens* which required the dismissal of the action. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

Interesting similarities to one or more of the facts in the case at hand may be found in the reported decisions. But in the end each case is unique and must be decided on its own circumstances. We turn, therefore, to the facts in the case before us.

Plaintiff's place of residence is disputed. Defendant claims that he lives in New Orleans. Plaintiff maintains on the contrary that he lives in Miami, Florida. He apparently does not deny defendant's assertion that he ships out of New Orleans.

Defendant was incorporated in the State of New York and has its main office in New York City. The investigation of the accident was conducted by defendant's claims department in New York City. Defendant has no office in the Port of Philadelphia and at the time of the filing of the motion its vessels made only sporadic calls here. Plaintiff has shown, however, that defendant recently inaugurated regular freight and passenger steamship service from the Port of Philadelphia.

The injury admittedly occurred in New Orleans. Although plaintiff was treated at the United States Public Health Service Hospital in New Orleans, it seems that the usual practice of the Surgeon General will be followed and the testimony of the treating physicians, if given at all, will be by deposition, regardless of the place of trial.

1. 28 U.S.C.A. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Defendant concedes that its investigation has not disclosed any eyewitnesses to the accident. It claims however, that there are eight witnesses whom it expects to call. Of these, one is the custodian of records of the Weather Bureau in New Orleans. The custodian is of no significance as an individual witness and the evidence is essentially documentary. Another witness, who resides in San Francisco will not be called at the trial because of his serious illness; defendant expects to preserve his testimony by deposition. One witness resides in Mobile, Alabama, and one in St. Petersburg, Florida. Both of these witnesses are still employed by defendant and go to sea. The remaining four witnesses reside in New Orleans. One is employed by defendant and will come to Philadelphia, although it would obviously be more convenient for him to testify in New Orleans. The other three witnesses are not employed by defendant and although available for subpoena at New Orleans cannot be required to testify here. These three witnesses do not go to sea. Their testimony will relate chiefly to the conditions which existed at the time of the accident.

Finally, defendant argues that the case would be reached for trial sooner in the Eastern District of Louisiana than here, —a contention which plaintiff disputes in the light of the existing circumstances. The case was placed on the trial list here on August 21, 1961. A comparison of this fact and the circumstances here, with the statement of the Chief Deputy Clerk of the United States District Court for the Eastern District of Louisiana [2], leaves in some doubt the claim that the case will be reached for trial earlier in New Orleans.

■■  The strongest support for the motion is the presence of three witnesses in New Orleans who are said to be familiar with the surrounding circumstances and who are not in the employ of the defendant and are beyond the reach of our subpoena. But there are elements which run the other way. Some of the witnesses are seamen whose testimony may well be unavailable except by deposition, regardless of the forum of trial.[3] Again, the defendant's investigation of the accident was made by its New York office, and although defendant offers to waive the requirements for subpoena in New Orleans of any documents and testimony of corporate personnel of defendant, if relevant, this in itself constitutes some recognition of the relationship of defendant's New York office to this forum and that New Orleans is not the forum in which all of the available evidence may be compulsorily produced. Moreover, both parties by their own conduct have shown their approval of this forum as a convenient one for them. Plaintiff has shown it by choosing this forum— a choice which is entitled to some weight, even though no longer of the "high significance" accorded it under the doctrine of *forum non conveniens* and reduced in weight here because this is not the place of plaintiff's residence.[4] Defendant has shown its approval of this forum as a convenient one for both parties by having required the plaintiff, almost a year ago, to appear in Philadelphia for oral examination on pre-trial depositions. It has also afforded the same recognition to this forum by having waited for al-

2.  See Exhibit A to defendant's motion to transfer.

3.  As Chief Judge Biggs said in Medich v. American Oil, 177 F.Supp. 682 (E.D.Pa. 1959), "While the defendant has stressed that the seamen witnesses all reside in or near the Southern District of Texas [the transferee forum], the very fact that their witnesses are seamen dilutes the importance of this factor; by the nature of their employment seamen are often unavailable as witnesses and their testimony must then be submitted in dep-

osition form." This language was cited with approval by Goodrich, J., in Kontos v. The S.S. Sophie C., 184 F.Supp. 835, 837-838 (E.D.Pa.1960), note 6, on a motion for dismissal under *forum non conveniens*, aff'd per curiam, 288 F.2d 437 (3d Cir., 1961).

4.  E.g., Medich v. American Oil, 177 F. Supp. 682 (E.D.Pa.1959); Robbins Music Corp. v. Alamo Music, Inc., 119 F.Supp. 29 (S.D.N.Y.1954); Markantonatos v. Maryland Dry Dock Co., 110 F.Supp. 862 (S.D.N.Y.1953).

most a year after the suit was brought before filing the motion for transfer. We do not regard this delay as a legal waiver or estoppel, for ultimately decision is to be based on the convenience of the parties and witnesses and the interest of justice. But the conduct of the defendant is evidence that this forum is not inconvenient. This is especially true where there is no claim that the reasons assigned for the transfer have newly arisen and were not present when the suit was brought.

■ Considering all of the circumstances, including the length of time the suit has been pending here, the steps already taken in the litigation, the identity and character of the witnesses and their whereabouts, we believe that the defendant has not sustained its burden [5] of establishing that the convenience of the parties or the convenience of the witnesses or the interest of justice will be served by a transfer.

### Order

And Now, November 9, 1962, the motion of defendant, Alcoa Steamship Company, Inc., for transfer under Rule 1404(a) is denied.

---

5. Biedrzycki v. Alcoa Steamship Co., 191 F.Supp. 895, 896 (E.D.Pa.1961); Gower v. Chestnut Ridge Railway Co., 166 F. Supp. 661 (E.D.Pa.1958); Davis v. American Viscose Corp., 159 F.Supp. 218, 219 (W.D.Pa.1958).