Warren H. SELL, Plaintiff,

v.

GREYHOUND CORPORATION, Defendant and Third-Party Plaintiff,

v.

Anna LUNDERGAN, Third-Party Defendant.

Civ. A. No. 34303.

United States District Court
E. D. Pennsylvania.

March 10, 1964.

Robert B. Doll, Allentown, and Francis E. Marshall, Philadelphia, Pa., for plaintiff.

Richard E. McDevitt, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Greyhound Corp.

Louis Pera, Philadelphia, Pa., for Anna Lundergan.

GRIM, District Judge.

This is a motion to transfer a motor vehicle collision case to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C.A. § 1404(a) which provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiff, a resident and citizen of Allentown, Pennsylvania, was a passenger in a Greyhound bus which collided with an automobile in the Delaware Water Gap area of Pennsylvania. Plaintiff brought suit in this district against the Greyhound Corporation which subsequently joined the driver of the automobile as a third-party defendant. The third-party defendant has now moved the court to transfer the action to the District Court for the Middle District of Pennsylvania.[1]

In support of the motion, the third-party defendant and the defendant, Greyhound Corporation, which has filed a supporting brief, point out that the collision occurred in the Middle District, the third-party defendant as well as some ten fact and damages witnesses reside therein, and three other suits arising out of this same collision have been instituted in courts in the Middle District where it is alleged the case will be reached for trial at a much earlier date than in this court.

In answer plaintiff asserts that he is entitled to bring his suit in the district of his residence, that the driver of the Greyhound bus involved in this collision lives and works within 10 miles of this court, that two of his prospective fact witnesses live in Philadelphia as does one of his treating physicians. Further, plaintiff points out that two of the physicians who treated plaintiff and may be called as witnesses at the trial reside in Allentown, Pennsylvania, within this district.

As indicated by this outline of positions, the problem of the court on a motion of this type is one of balancing the equities in order to determine at which of two trial locations the convenience of the parties and witnesses and the interests of justice can best be served. The factors to be considered in making this determination have been outlined for us by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947),[2] and the degree of

---

1. Though the court entertains some doubt as to the standing of the third-party defendant to move to transfer the plaintiff's case against the defendant where the plaintiff has asserted no claim against the third-party defendant, this point was not raised by the plaintiff and the court has seen fit to consider the merits of the motion.

2. The factors to be considered are: plaintiff's choice of forum; ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; and the cost of obtaining attendance of willing witnesses; possibility of view of premises if appropriate; enforceability of a judgment if one is obtained; the public interest in having localized controversies decided at home; the administrative difficulties for court where litigation is piled up in congested centers instead of being handled at its origin; the appropriateness of having a diversity case tried in a forum that is at home with the state law that must govern the case; the burden of jury duty on the people of a community which has no relation to the litigation. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 509, 67 S.Ct. 839, 91 L. Ed. 1055 (1947).

discretion to be exercised by the court in making this determination established in Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).[3] See Jurgelis v. Southern Motors Express, Inc., 169 F.Supp. 345, 346 (E.D.Pa. 1959); Medich v. American Oil Co., 177 F.Supp. 682, 683 n. 1 (E.D.Pa.1959).

In the final analysis, however, each case must stand on its own facts. After a thoughtful consideration of the facts of record, the briefs and arguments of counsel in the case, the court is of the opinion that this action should not be transferred to the District Court for the Middle District of Pennsylvania. This case presents none of the inconveniences to parties, witnesses and the administration of justice that justify the exercise of judicial discretion sought here. The motor vehicle collision occurred in the Delaware Water Gap area of Pennsylvania which is approximately 80 miles from Philadelphia, the major trial center of the Eastern District Court, and approximately 40 miles from Scranton, the major trial center for the Middle District. Third-party defendant is a resident of the Delaware Water Gap area as are some eight allegedly important fact witnesses to this collision. The alleged inconvenience of requiring these individuals to travel 40 extra miles to attend a trial in this court rather than in Scranton must be assessed in the light of the flexibility and speed of modern transportation and balanced against the fact that two of plaintiff's prospective witnesses, as well as the driver of the Greyhound bus in-

volved in this collision, live in the Philadelphia area and will be required to travel approximately 120 miles to attend the trial if held in Scranton.

The court gives little credence to the argument that a trial in Scranton would more readily facilitate a jury viewing of the scene of the accident. It is common knowledge that a jury viewing in a normal collision case is a rarity; photographs are more than adequate to provide the court and jury with a background of the case. No unusual circumstances surrounding the accident have been shown to indicate that a Scranton trial judge would order a jury to travel 80 miles on a round trip to view the scene of the accident.

While it may perhaps be advantageous to try this case in the Middle District, where several other suits arising out of this collision have been filed and where presumably this action will come to trial faster than in the Eastern District, the court is of the opinion that these considerations do not outweigh plaintiff's right to choose his forum.[4] Plaintiff resides in this District and there is no suggestion or iota of evidence to indicate that his institution of suit here was for the purpose of harassing or imposing undue hardship on the defendant. Since the third-party defendant, who is the moving party in this motion, was not sued by the plaintiff, it is clear that no charge of unfair advantage can be made by her against the plaintiff.

On balance the court believes that the moving party has not demonstrated suf-

---

3. After pointing out that 28 U.S.C.A. § 1404(a) is not merely a codification of the forum non conveniens doctrine, applicable at the time of the Gulf Oil decision, the Court said:

"* * * * we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader." Norwood v. Kirkpatrick, 349 U.S. 29,

32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

4. While plaintiff's choice of forum is not as important a factor to be considered as it was under the old forum non conveniens doctrine where the only alternative to trial in the forum where suit was instituted was dismissal, it is still a factor of considerable weight. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); Davis v. American Viscose Corp., 159 F.Supp. 218 (W.D.Pa. 1958); McFarlin v. Alcoa S. S. Co., Inc., 210 F.Supp. 793 (E.D.Pa.1962).

ficient equities to justify the exercise of this court's discretion to transfer the action. See Davis v. American Viscose Corporation, 159 F.Supp. 218 (W.D.Pa. 1958); Bailey v. New York Central R. R. Co., 166 F.Supp. 191 (E.D.Pa.1957); Medich v. American Oil Co., 177 F.Supp. 682 (E.D.Pa.1959) (Biggs, J.)

### ORDER

And now, this 10th day of March, 1964, the motion to transfer this action to the United States District Court for the Middle District of Pennsylvania is denied.