Elery **WILLIAMS**

v.

**CENTRAL GULF STEAMSHIP CORPORATION.**

No. 36325.

United States District Court
E. D. Pennsylvania.
April 23, 1965.

John Dorfman, Philadelphia, Pa., for plaintiff.

John T. Biezup, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a motion by the defendant under 28 U.S.C.A. § 1404(a) to transfer this Jones Act action to the United States District Court for the Eastern District of Louisiana at New Orleans.

The defendant claims that it will be inconvenient, expensive and time-consuming to litigate the plaintiff's claim in this District. We decline to grant the motion for the following reasons:

1. The plaintiff's choice of forum is entitled to great weight and the defendant has failed to show a balance of inconvenience.

2. The log books and ship's articles have already been produced in Philadelphia at the request of plaintiff's counsel.

3. The defendant has seen fit to take the plaintiff's deposition in Philadelphia on October 30, 1964. This indicates the defendant's approval of the plaintiff's choice of forum.

4. In light of the plaintiff's desire to have his case tried in Philadelphia we find his place of residence which is disputed as being immaterial.

5. While it is true that the plaintiff had in-patient and out-patient treatment in New Orleans from April 6, 1963, until April 27, 1964, he was initially examined by physicians in the Azores. Following this treatment in the Azores his fractured leg was set by doctors at the United States Army Hospital, Fort Dix, New Jersey, and he was treated by the Public Health Authorities for one month at Staten Island, New York.

6. The fractured bones in the plaintiff's right lower leg have not united properly, and the issue of this malunited fracture is directly related to the treatment received at Fort Dix.

7. Four of the seven witnesses to the plaintiff's accident reside in New Orleans, Louisiana. The three remaining witnesses are located in Philadelphia and the surrounding vicinity. "[T]he very fact that * * * witnesses are seamen dilutes the importance of this factor; by the nature of their employment seamen are often unavailable as witnesses and their testimony must then be submitted in deposition form." (Chief Judge Biggs *) Medich v. American Oil Company, 177 F.Supp. 682, 683 (E.D.Pa.1959)

8. This Court has rarely seen physicians of the United States Public Health Service appear in Court personally to testify. Their testimony is generally submitted in deposition form.

9. The fact that an earlier trial may be had in New Orleans "is never a factor to which great weight is assigned." (Judge Joseph S. Lord, III) Clendenin v. United Fruit Co., 214 F.Supp. 137, 141 (E.D.Pa.1963)

The defendant has not convinced this Court that the interest of justice will be advanced by transferring this action to New Orleans.

### ORDER

And now, this 23rd day of April, 1965, the defendant's motion to transfer is denied.