**HOLIDAY RAMBLER CORPORATION,**
Plaintiff-Counterdefendant,

v.

**AMERICAN MOTORS CORPORATION,**
Defendant-Counterclaimant.

Civ. A. No. 5144.

United States District Court
W. D. Michigan, S. D.
April 8, 1966.

McCobb & Heaney, Grand Rapids, Mich., Dawson, Tilton, Fallon, Lungmus & Alexander, Chicago, Ill., R. C. C. Heaney, Brian R. Heaney, Grand Rapids, Mich., Richard E. Alexander, Chicago, Ill., of counsel, for plaintiff-counterdefendant.

Price & Heneveld, Grand Rapids, Mich., Hume, Groen, Clement & Hume, Chicago, Ill., Carl J. Barbee, Kenosha, Wis., Everett L. Huizenga, Grand Rapids, Mich., Dean A. Olds and Theodore T. Scudder, III, Chicago, Ill., of counsel, for defendant-counterclaimant.

FOX, District Judge.

The proceedings in this court are in the nature of an appeal by Holiday Rambler Corporation from an adverse decision by the Trademark and Appeal Board of the United States Patent Office.

The central issue is the likelihood of confusion of purchasers as to the manufacturers of the items produced by plaintiff Holiday Rambler Corporation and defendant American Motors Corporation.

Presently the court has before it defendant's motion for a change of venue under Title 28 U.S.C.A. § 1404(a), asking that the case be transferred from the Western District of Michigan to the Eastern District of Michigan in Detroit, or the Northern District of Indiana in Elkhart, Indiana, but preferably to Detroit. There is no Federal District Court in Elkhart, Indiana; a District Court for the Northern District of Indiana is located in South Bend, Indiana.

Under the principle of *forum non conveniens,* a court may resist an imposition upon its jurisdiction, even when the jurisdiction is authorized by the letter of the general statute, under Title 28 U.S.C.A. § 1391(a).

This court has jurisdiction, since American Motors is doing business in Grand Rapids. Grand Rapids is the site of this court; venue in this court is proper, and jurisdiction is authorized by the letter of the general statute.

Defendant urges its position on the basis that the item to which the disputed trademark, "Holiday Rambler," is attached by plaintiff, is a travel trailer manufactured in Wakarusa, Indiana, and

that defendant's headquarters are in Detroit, Michigan, and all of its sales and merchandising activities are coordinated and directed from its Detroit office. Its records relating to merchandising and advertising Rambler automobiles are in Detroit, as well as the records for the four principal domestic automobile manufacturers which have likewise promoted the sale and use of the travel trailers.

Defendant claims that the principal areas of location of the automobile trailer industry are Northern Indiana and Northern Illinois.

Defendant American Motors is qualified to do business in and is susceptible to service of process in either the Eastern District of Michigan, or the Northern District of Indiana.

■ In considering the convenience of all the parties, strong arguments can be made for either Detroit or South Bend as a trial situs in this case. However, defendant cannot rely on the inconvenience of the plaintiff or its witnesses to support its motion. Heiser v. United Air Lines, 167 F.Supp. 237 (S.D.N.Y., 1958); Marks v. Fireman's Fund Insurance Co., 109 F.Supp. 800, 803 (S.D. N.Y., 1953); and Sun Oil Co. v. Lederle, 199 F.2d 423 (CCA 6, 1952).

Defendant's complaint that it would be inconvenient to have the trial in Grand Rapids can be given little weight when defendant has moved in the alternative, and at the plaintiff's option, to have the trial in South Bend or Detroit. Grand Rapids is 140 miles from Detroit, and South Bend is 180 miles from Detroit. Grand Rapids is closer than Detroit to defendant's Kenosha, Wisconsin automotive plant. The distances involved are not extreme.

■ Inconvenience to parties and witnesses is not sufficient in itself to justify, much less require, a transfer. Many factors may enter into consideration in determining whether or not the court will decline to exercise its jurisdiction on the grounds of the convenience of another forum. The relative ease of access to sources of proof, costs in obtaining attendance of willing witnesses, availability of compulsory process, and all other practical problems which make trial of the case easy, expeditious and inexpensive, the relative advantages and obstacles to a fair trial, and matters relating to enforceability of the judgment are all factors to be weighed in the balance in determining the issue raised by defendant's motion.

■ Transfer under Title 28 U.S.C.A. § 1404(a) is a matter which rests largely in the sound discretion of the trial court.

■■ A plaintiff may not use his choice of forum to "vex," "oppress," or "harass" the defendant by imposing upon him expense or trouble unnecessary to the pursuit of his remedy. However, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Defendant has a heavy burden of proof. Nicol v. Koscinski, 188 F.2d 537 (CCA 6, 1951); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

In the instant case, the defendant failed to sustain its burden of proof.

In General Portland Cement Co. v. Perry, 204 F.2d 316 (CCA 7, 1953), the court quoted with approval from Jenkins v. Wilson Forwarding Co., (D.C.S.D. N.Y.) 104 F.Supp. 422, at page 424, in an opinion denying transfer under Section 1404(a). The District Court said, at page 320:

> "The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this rather than on numbers."

Defendant here has failed to name a single witness. Since the real question is primarily confusion in the minds of the consuming public between two trademarks, it appears that witnesses from the consuming public would be the key witnesses in the case, and the location of the headquarters of the defendant or the manufacturing plant of the plaintiff is not of prime importance. Grubs v.

Consolidated Freightways, Inc., 189 F. Supp. 404 (D.C.Mont., 1960); Buchanan v. New York Central RR. Co., 148 F. Supp. 732, 733 (D.C.Pa., 1957). Cf. Magnetic Engineering & Mfg. Co. v. Dings Magnetic Separator Co., 86 F. Supp. 13, 17 (D.C.N.Y., 1949). Johnson v. Smith-Meal Co., 160 F.Supp. 208 (D.C.N.Y., 1958); Webster-Chicago Corp. v. Minneapolis Honeywell Reg. Co., 99 F.Supp. 503 (D.C.Del., 1951).

Thus, in order to sustain defendant's motion, the greater weight of authority requires the balance of convenience to be strongly in favor of movant in order to justify a transfer to another Federal District Court. The burden generally demands that defendant support its motion for such change by listing witnesses by name and place of residence, as well as to state generally what is sought to be proved by the witnesses named. Johnson v. Chicago, R. I. and Pac. R., 228 F.Supp. 160, 161 (D.C. Minn., 3rd Div., 1964).

For the reasons stated, defendant's motion is denied, and an order may be drawn accordingly.