Counsel for the plaintiffs shall submit, on notice to the defendants, an appropriate order.

**Lavon C. MYERS et al., Plaintiffs,**

v.

**FREEDOM NEWSPAPERS, INC.,
Defendant.**

**No. C 66-199.**

United States District Court
N. D. Ohio, W. D.

Oct. 3, 1967.

Thomas Unverferth, Ottawa, Ohio, Cubbon & Rice, Toledo, Ohio, for plaintiffs.

William Connelly, Toledo, Ohio, for defendant.

DON J. YOUNG, District Judge.

Plaintiff brought this suit alleging that defendant, a California corporation, is the controlling partner in a general partnership doing business as The Odessa American, a newspaper in Odessa, Texas. The amended complaint states that Robert M. Lyons was operating a truck in Odessa owned by the partnership and that plaintiff, a passenger, was injured due to the negligence of Lyons. Jurisdiction in this Court is based on diversity of citizenship.

Defendant has now moved pursuant to 28 U.S.C. § 1404(a) for an order transferring the action to the United States District Court for the Western District of Texas, Pecos Division. Section 1404(a), which governs transfers in this case reads as follows:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Thus, the threshold question is whether this action might have been brought initially in the District Court in Texas. As this Court reads the opinion of the Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), the transferee court must be a proper venue and be able to command personal jurisdiction over the defendant.

Venue is proper in diversity cases in any judicial district where all plaintiffs reside or all defendants reside, or in which the cause of action arose. 28 U.S. C. § 1391(a). Since the amendment of the general venue statute in November of 1966, it cannot be doubted that venue is proper in the district where the cause of action arose regardless of whether it is an automobile accident case. Furthermore, 28 U.S.C. § 1391(c) designates the residence of a corporation as the judicial districts where it is "doing business." Plaintiff argues that since its only contact with the Western District of Texas is that it is the controlling partner in a general partnership which operates the newspaper in Texas, it is not "doing business" in that district. Although there is ample authority on the question of whether a corporation is present within a jurisdiction for venue and jurisdiction purposes by reason of the activities of its

corporate subsidiary within the state, this Court was able to find little with regard to a corporate partner in a partnership operating within the state.

 Most of the cases with regard to corporate subsidiaries have emphasized the fact that the parent and subsidiary are distinct entities, e. g., Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct 250, 69 L.Ed 634 (1925); Edwin Raphael Co. v. Maharam Fabrics Corp., 283 F.2d 310 (7th Cir. 1960), and the concept of limited liability is of course related. However, the nature of a partnership in entirely different. Each partner acts as the agent of the other while acting within the scope of the partnership business, and the activities of one are imputed to all. Defendant is operating a newspaper in Texas through the partnership which it controls, and is thus doing business there for venue purposes and would therefore also be subject to service of process in Texas.

Having decided that the action *can* be transferred to the Western District of Texas, the next question is whether it *should* be. The affidavits filed by the attorneys for both parties establish the following facts: Plaintiff was employed at the offices of The Odessa American in Odessa, Texas, both before and after the accident, and all records of employment would be located there. The injury took place in 1965 in Odessa, Texas and there was at least one witness to the accident. Plaintiff was taken to the hospital in Odessa and was treated by physicians there after the accident. Sometime after the accident plaintiff moved to Ohio because, as counsel said in brief, "he found it necessary to return to a place where he could find a living which was not available to him after the accident in Texas." It is not clear from the record whether he has been treated by physicians in Ohio.

This Court believes that for the convenience of the parties and witnesses and in the interest of justice the case should be transferred. Certainly, all the witnesses with regard to the condition of the truck, which has been put in issue,

would be in Texas. Moreover, most of the information concerning the plaintiff's earning capacity and employment record is in Texas, and the physicians who treated him after the accident would be available to testify in the Texas court.

It is true that it might work some hardship on plaintiff to try his case in Texas since he now lives in Ohio, but this would appear to be more than offset by the fact that virtually all the witnesses are in Texas, and that the Texas court is more familiar with the law of Texas applicable in this case, thus giving the parties substantial justice.