William F. CULBERTSON, individually and as Administrator of the Estate of Donna L. Culbertson, Larry R. Brubaker, Administrator of the Estate of Mary Jane Culbertson, and Gladys Stine,

v.

FORD MOTOR COMPANY, INC.

Civ. A. No. 81–2978.

United States District Court, E. D. Pennsylvania.

Jan. 12, 1982.

Joseph F. Roda, Soren P. West, Lancaster, Pa., Michael E. Farr, Harrisburg, Pa., for plaintiff.

Laurence W. Dague, James K. Thomas, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

A tragic automobile accident in Middle Paxton Township, Dauphin County, Pennsylvania, occurring in December 1979, left two dead and one severely injured. Defendant, Ford Motor Company (Ford), charged by plaintiff with breaching the duties imposed by § 402A of the Restatement of Torts (Second) and thereby causing the accident, moves for transfer to the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a), and argues generally that the convenience of the parties, witnesses and the interest of justice will all be better served if the motion is granted. Plaintiff, countering, asserts that defendant has failed to meet the heavy burden of upsetting plaintiff's forum choice. We agree with plaintiff and deny the motion.

The legal standard against which motions to transfer are tested is easily stated; such motions are committed to a court's discretion, *Solomon v. Continental Ameri-*

*can Life Insurance,* 472 F.2d 1043, 1047 (3d Cir. 1973); *Santora v. National Railroad Passenger Corp.,* No. 81–3266 (E.D.Pa. November 25, 1981), slip op. at 4, and plaintiff's selected forum "should not be lightly disturbed ... unless the balance ... [tips] *strongly* in favor of the defendant." *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970) (emphasis in original). Factors which the Court considers are those delineated in the relevant statute, 28 U.S.C. § 1404(a), which instructs courts to balance "the convenience of parties and witnesses" and "the interest of justice" in resolving the motion. In effectively implementing this congressional mandate a court's inquiry centers on

Plaintiff's choice of forum, ease of access to sources of proof, costs involved in obtaining attendance of willing witnesses, practical problems that make trial easy, expeditious and inexpensive, difficulties of court administration and the desirability of state law being determined by a federal court located therein.

*Kawecki Berylco Industries, Inc. v. Fansteel, Inc.,* 512 F.Supp. 984, 986 (E.D.Pa. 1981); *Goodman v. Fleishman,* 364 F.Supp. 1172, 1175 (E.D.Pa.1973). *See generally, Bartolacci v. Church of the Presiding Bishop,* 476 F.Supp. 381 (E.D.Pa.1979).

The first factor, plaintiff's forum choice, necessarily weighs against any transfer and usually receives "paramount consideration". *Shutte v. Armco Steel Corp.,* 431 F.2d at 25, *Maryland Casualty Co. v. Potomac Insurance Co.,* No. 80–2883 (E.D.Pa. November 13, 1981), slip op. at 3. True, where, as here, none of the operative facts occurred in the forum district, plaintiff's choice is entitled to somewhat less weight than it would otherwise receive. *Kogok v. Fields,* 448 F.Supp. 197, 201 (E.D. Pa.1978). However, the fact that at least one of the plaintiffs resides in the selected forum weighs heavily in plaintiff's favor. *Cf., New Image, Inc. v. The Travelers Indemnity Co.,* No. 81–2423, (E.D.Pa. November 28, 1981) (the rule placing great weight on plaintiff's forum choice is "substantially attenuated" where the chosen forum is not plaintiff's residence), slip op. at 3.

Ease of access to sources of proof, the second factor, requires inquiry into the proposed sources of proof to be adduced at trial. Ford, seeking transfer, argues that it plans to join the Commonwealth of Pennsylvania as a third-party defendant for negligent design of the highway. In order to properly prove its third-party case, Ford asserts that a jury view of the accident scene is required. Since the federal court in Harrisburg is located only twelve miles from the accident scene, Ford argues that transfer will foster access to its proofs. We, however, are not convinced *at this juncture* that a jury view will be warranted. In fact, although such a view may, at times, be "desirable", *McMahon v. General Motors Corp.*, 308 F.Supp. 302, 303 (E.D.Pa. 1969), it is nevertheless a "rarity" in collision cases. *Sell v. Greyhound Corp.*, 228 F.Supp. 134, 136 (E.D.Pa.1964). Assuming, *arguendo*, that a jury view of the allegedly improperly designed highway is necessary, we do not believe that the asserted distance of sixty-five miles from this Court to the accident scene is so onerous as to compel transfer.

The next three factors—costs involved in obtaining attendance of willing witnesses, practical problems that make trial easy, expeditious and inexpensive, and difficulties of court administration—neither compel nor resist transfer. Defendant's list of proffered witnesses shows that some may travel up to an hour longer if the motion is denied than would be required if it is granted. Such travel time represents a *marginal* inconvenience for defense witnesses. Plaintiff, on the other hand, argues that its expert witnesses would find trial in the Eastern District more convenient. Hence, this factor, costs in obtaining willing witnesses, is neutral or, perhaps, tips slightly in defendant's favor.

Neither party has asserted that practical problems or difficulties in court administration will be diminished by transfer.

Finally, the last factor, the desirability of state law being determined by a federal court located in the state whose law is being applied, is not an issue here.

Hence, upon reviewing and balancing the appropriate factors, we conclude that defendant has not carried the heavy burden necessary to upset plaintiff's forum selection. An appropriate order will issue.