Stephen J. GDOVIN, et al., Plaintiffs,

v.

CATAWBA RENTAL CO., INC., et al., Defendants.

No. C84-2419.

United States District Court, N.D. Ohio, E.D.

Oct. 19, 1984.

Louise M. Klubert, James M. Kehn & Assoc., Cleveland, Ohio, for plaintiffs.

Frank Soldat, Cleveland, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

Defendants have moved for a change of venue, transferring the above-captioned case from this Court to the United States District Court, Southern District of West Virginia, Beckley Division, under 28 U.S.C.

§ 1404(a). For the reasons outlined below, this Court denies Defendants' Motion for Change of Venue and retains this action in the Northern District of Ohio, Eastern Division.

## I.

On March 25, 1983, Plaintiffs Stephen J. Gdovin and Margaret D. Gdovin, residents of the State of Ohio, were travelling by car north on the West Virginia Turnpike near Mile Post 43. Plaintiff Margaret D. Gdovin was driving the car, a 1980 Oldsmobile, at the time. Plaintiffs' car collided with a tractor-trailer owned by Defendants. Defendant Victor Fulbright, an employee of Defendants Southern Furniture, Inc. and Catawba Rental Company, was driving the truck at the time of the collision. Fulbright as well as the two corporate defendants are all residents or domiciled in the state of North Carolina. Plaintiffs sustained multiple injuries as a result of the collision and brought this action on July 31, 1984. This Court exercises its diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is clear that Plaintiffs could have originally brought this action in the Southern District of West Virginia [hereinafter referred to as the transferee district] since the allegedly negligent acts of the Defendants and the situs of the collision occurred in that district; venue, jurisdiction and service of process would all have been proper there in the first instance. *See Sherman v. Moore*, 86 F.R.D. 471 (S.D.N.Y.1980); *Miller v. Cousins Properties, Inc.*, 378 F.Supp. 711 (D.Vt.1974); *see also* 28 U.S.C. § 1391(a).

Having satisfied the requirement that the transferee district be one in which the action could have been originally brought, this Court must consider only the convenience of the parties, the convenience of the witnesses and the interest of justice. *Forest Nursery Co. v. Crete Carrier Corp.*, 319 F.Supp. 213 (D.C.Tenn.1969). This Court exercises broad discretion, *Lemon v. Druffel*, 253 F.2d 680 (6th Cir.1958), *cert. denied* 358 U.S. 821, 79 S.Ct. 34, 3 L.Ed.2d 62. To succeed in its motion to transfer, the moving party must show the preponderance of the balance in his favor.[1] *Crawford Transport Co. v. Chrysler Corp.*, 191 F.Supp. 223 (E.D.Ky.1961).

Defendant-Movant's initial argument is that the condition of the turnpike is an element of proof and that a view of the turnpike by the finder of fact supports transfer to the district in which the turnpike is located. However, Defendant has not stated why the view is necessary in the interest of justice. As Plaintiff notes in its Brief in opposition, Defendant has not (nor has the Plaintiff) raised the condition of the road as an issue in its pleadings. In addition to denying negligence, Defendants' only other defense is that the negligence of third parties caused the collision. Hence, Defendant has not stated sufficient grounds to conclude justice can *only* be served through an inspection. *See Marbury-Pattillo Constr. Co. v. Bayside Warehouse Co.*, 490 F.2d 155 (5th Cir. 1974). Furthermore, in collision cases, photographs of the accident scene may be used instead of an actual view of the site, making transfer unnecessary. *Sell v. Greyhound Corp.*, 228 F.Supp. 134 (E.D.Pa. 1964).

Another factor to be considered is the availability of witnesses. Defendants contend that all of the available witnesses, namely the employees of Defendants, are

---

**1.** The Court is aware that the purpose of 28 U.S.C. § 1404(a) was to make it easier for a movant to transfer a case than under the old forum non conveniens standard. *See* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* §§ 3847, 3848. Despite the difficulty of articulating the differences between the standards, this Court believes in the instant case Defendants have not met even the lower but still substantial standard under § 1404(a).

in the transferee district or North Carolina. The moving party must once again do more than merely assert the appropriateness or value of a different forum for witnesses; rather, he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district. *Weltman v. Fletcher,* 431 F.Supp. 448 (N.D.Ohio 1976). In the instant case, Defendants have made no such showing. The balance might shift if Defendants were moving for transfer to North Carolina, the state of their domicil. However, Defendants by transferring this action to West Virginia would still have to travel out-of-state. Given the proximity of West Virginia and Ohio, this Court cannot deem the additional distance Defendants (or their witnesses) will have to travel substantial enough to pose a serious inconvenience. Furthermore, those witnesses who are unavailable can be deposed. *Securities and Exchange Commission v. Dimensional Entertainment Corp.,* 493 F.Supp. 1270 (S.D.N.Y.1980). It is of little value to this Court's determination that Plaintiffs' expert witnesses reside in Ohio; even were this matter to be transferred, expert witnesses could be found and retained in the transferee district. *Berkshire International Corp. v. Alba-Waldensian, Inc.,* 352 F.Supp. 831 (S.D.N.Y.1972). It is more important that Plaintiffs' treating physicians reside in Ohio. *Meyers v. Freedom Newspapers,* 274 F.Supp. 93 (N.D.Ohio 1967).

This Court finally places great weight on Plaintiffs' original choice of forum. *See Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Since Defendants have not raised more compelling grounds to transfer, this Court is indisposed to deny Plaintiffs' choice. Furthermore, since Plaintiffs have sustained severe injuries, it is likely that transfer would impose additional physical and financial hardship on them. It does not appear that Plaintiffs in choosing the Northern District of Ohio sought to harass or oppress Defendants by imposing unnecessary legal expenses on them. *See Holiday Rambler Corp. v. American Motors Corp.,* 254 F.Supp. 137 (W.D.Mich.1966). Since Plain-

tiffs reside in Rocky River, Ohio, which is in the forum district, it can be assumed they are bringing this action in the district closest and most convenient to their home. This is Plaintiffs' prerogative and it will not be upset by this Court.

III.

For the foregoing reasons, this Court finds that Defendant-Movant has not demonstrated the necessity of transferring the instant case to the Southern District of West Virginia. Defendants' Motion to Change Venue is denied. This action will proceed in United States District Court, Northern District of Ohio.

IT IS SO ORDERED.