**KOVATCH CORPORATION, Plaintiff,**

v.

**ROCKWOOD SYSTEMS CORPORATION, Defendant, Third-Party Plaintiff,**

v.

**John J. KOVATCH, Jr., Joseph J. Kovatch, Steven M. Cormier and John Zalesak, Counterclaim Defendants,**

**Victor Equipment Company and Pacific Lumber Company, Third-Party Defendants.**

**Civ. No. 86–0780.**

United States District Court, M.D. Pennsylvania.

Dec. 10, 1986.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff filed a Complaint on June 10, 1986, alleging that defendant failed to supply twin agent fire extinguisher system skid units as required pursuant to a written contract between the parties. By Memorandum and Order dated September 12, 1986, the court denied defendant's Motion to Dismiss, finding that it had *in personam* jurisdiction over defendant. Defendant filed a Motion for Change of Venue and a Brief in Support thereof on October 31, 1986 and November 10, 1986, respectively. Plaintiff opposed the motion and, consequently, the matter is ripe for disposition. For the reasons set forth below, defendant's Motion for a Change of Venue will be denied.

## DISCUSSION

As defendant avers, the sole issue involved is whether this case should be transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). In pertinent part, § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Defendant attempts to show that the district court in Texas is one in which this case might have been brought, is a more a convenient forum for witnesses and the parties and that a transfer to that district would serve the interest of justice.

Considering the "paramount consideration" given plaintiff's choice of forum, transfer only may be granted if defendant establishes that the balance of interest is strongly in favor of transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Normally, plaintiff's choice of forum will not be disturbed unless the movant for transfer demonstrates that the balance of convenience and justice weighs heavily in favor of transfer. *See Thermo-Cell Southeast, Inc. v. Technetic Industries, Inc.*, 605 F.Supp. 1122 (N.D.Ga.1985); *Exide Corp. v. Electro Services, Inc.*, 596 F.Supp. 1404 (E.D. Pa.1984). Moreover, when plaintiff's home forum has been chosen, it is reasonable to assume that this choice is convenient and plaintiff's selection is entitled to greater deference when plaintiff chooses the home forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981).

While defendant sets forth various reasons, including inconvenience to defendant's and third-party defendant's witnesses, in support of transfer, *see* Document 18 of the Record, as plaintiff states, these assertions ignore the fact that plaintiff's witnesses are residents of Pennsylvania so that a transfer of venue would shift the inconvenience from defendant to plaintiff. *See* Document 23 of the Record at ¶ 2.

Additionally, plaintiff avers that many of the facts and events concerning its claim occurred in Pennsylvania. Moreover, as plaintiff recognizes, the contract in question provides that it would be interpreted pursuant to Pennsylvania law. In sum, the court does not find that defendant has made an affirmative showing of oppressive inconvenience of trial in this forum to overcome the deference given plaintiff's choice of forum. *See Sterling Box Co. v. Touretz*, 585 F.Supp. 1230 (W.D.Pa.1984). Finally, as to defendant's assertion that a transfer to the District Court in Texas would best serve judicial economy, plaintiff avers that while the instant action was filed on June 10, 1986, the parallel action in Texas was not commenced until June 30, 1986. *See* Document 23 of the Record at ¶ 4.

Defendant relies heavily on the case of *Haeberle v. Texas Int'l Airlines*, 497 F.Supp. 1294 (E.D.Pa.1980), in support of their position. While certain factual similarities exist, it is significant that in *Haeberle* the court noted that plaintiff's choice of forum is entitled to less weight when the forum is not plaintiff's place of residence. In so doing, the *Haeberle* court recognized that while many of the limited partnership entities had their principal place of business in the chosen forum, only half of the general partners and very few of the many limited partners resided here. In contrast, in this case, plaintiff resides within this district. As such, the great deference referred to in *Reyno* applies. While the fact that the Texas action was commenced after the present action is not determinative, the court does not find the existence of the Texas action overly significant in this case.

Concededly, there may be some logistical difficulties in having witnesses testify in person in this forum. There is no indication, however, that these witnesses would be unable or unwilling to so testify. In any event, use of pre-trial depositions may alleviate this problem. The fact that no conduct complained of occurred in a forum may serve as an exception to the rule that plaintiff's choice of forum should not be disturbed, but even those courts recogniz-

ing this principle find that plaintiff's residence in the selected forum weighs heavily in plaintiff's favor in considering a motion to transfer.[1] *See Culbertson v. Ford Motor Co., Inc.*, 531 F.Supp. 406 (E.D.Pa. 1982); *see also Luca Oil Drilling Co., Inc. v. Gulf Oil Corp.*, 593 F.Supp. 1198 (W.D. Pa.1984); *Schmidt v. Leader Dogs for the Blind, Inc.*, 544 F.Supp. 42 (E.D.Pa.1982).

While pertinent records and documents may be located in Texas, the court sees no reason why this documentation cannot be photographically reproduced and mailed to this forum. *See Business Technology Group, Inc. v. D & S Systems, Inc.*, No. 85–1266, slip op. at 4 (M.D.Pa. Oct. 17, 1986) [Available on WESTLAW, DCT database] (Conaboy, J.) (*citing Herbst v. Able*, 278 F.Supp. 664 (S.D.N.Y.1967); *Clendenin v. United Fruit Co.*, 214 F.Supp. 137 (E.D.Pa.1963)). In balancing the pertinent factors, the court finds the instant situation analogous to that faced by Judge Conaboy in *Business Technology.* That is, defendant's inconvenience in having Pennsylvania as the forum for suit is equivalent to plaintiff's inconvenience in having the forum switched to Texas. As Judge Weiner stated:

> Transfer in this instance would merely shift the inconvenience from the defendant to the plaintiff. And where there is present an equitable standoff, or even in those situations where the argument for transfer is only slightly in favor of the movant, the plaintiff's choice of forum should not be disturbed.

*Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc.*, 358 F.Supp. 441, 446 (E.D.Pa.1973) (citation omitted). Defendant fails to set forth any compelling reasons sufficient to overcome the deference given the resident plaintiff's choice of forum. Similarly, considering the relevant factors enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the inconvenience to

plaintiff in litigating the present action in Texas is at least equal to that confronting defendant in this forum. *See Luca Oil Drilling Co. v. Gulf Oil Corp., supra* (courts decline to transfer when doing so merely shifts burden of trial in a distant forum from defendant to plaintiff). Accordingly, defendant's Motion for a Change of Venue will be denied.

An appropriate Order will enter.

---

**1.** Indeed, plaintiff disputes defendant's assertion that all the complained of conduct occurred in Texas. As plaintiff maintains, in this case, defendant performed certain contractual duties in Pennsylvania. *See* Document 28 of the Record at 5. In sum, the court agrees with plaintiff that it would be subject to at least as much inconvenience if the action was transferred to Texas. In fact, plaintiff attaches an extensive list of witnesses that it expects to call at trial, most of whom are Pennsylvania residents.