7686

## SMITH v. SOUTHERN RY.

1. CONFLICT OF LAWS—MASTER AND SERVANT.—In actions on tort based on negligence resulting in death or personal injury, the right of recovery must be determined by the law of the State where the injury was inflicted. The law of a foreign State applies to a negligent injury to a servant there injured working under a contract made in this State while performing the kind of work contemplated in his contract.

2. IBID.—ISSUES.—The less favorable law of a foreign State where the injury was inflicted being applicable, the defendant cannot complain that the Court left it to the jury to determine which law should be applied.

    *Caldwell* v. *Ry.*, 73 S. C., 443, *criticised.*

3. MASTER AND SERVANT—NEGLIGENCE.—Under evidence here the Court cannot say as matter of law that due care did not require a larger force of hands in loading a crooked rail on a gondola car in the usual way than furnished by the master.

4. CHARGE.—A REQUEST making liability of defendant depend on proof of negligence of fellow servants properly refused as the negligence mainly relied on was failure to supply sufficient hands.

Before DEVORE J. Spartanburg, Fall Term 1909. Affirmed.

Action by Clara Smith admx. against Southern Ry. Co. From judgment for plaintiff, defendant appeals.

*Messrs. Sanders & DePass* for appellant, cite: *Law of S. C. governs:* 38 S. E. 893; 53 S. E. 726; 73 S. C. 140; *Gilliland* v. *Ry.*, 84 S. C. *Defendant is not liable for negligence of boss:* 80 S. C. 539; 38 S. E. 914. *Force of hands sufficient:* 42 S. E. 610; 38 S. E. 914; 51 S. E. 851. *Life expectancy as fixed by the statute is not conclusive:* 28 Am. St. R. 806; 42 Id. 345.

*Messrs. Wilson & Osborne & Blackwood* and *Hannon* contra. *Mr. Osborne* and *Blackwood* and *Hannon* cite:

*Injury by a defective agency of the master is prima facie negligence:* 75 S. C. 103.  *Law of N. C. applies:* 73 S. C. 143 ; 70 S. C. 87 ; 54 S. C. 502 ; 71 S. C. 390 ; 6 S. C. 130 ; 36 L. R. A. 134 ; 18 L. R. A. 433 ; 6 L. R. A. 213 ; 70 S. C. 258 ; 44 Id. 410 ; 34 Id. 393 ; 154 U. S. 190.

October 14, 1910.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The plaintiff as administratrix recovered a judgment of five hundred dollars damages against the defendant Southern Railway Company for the death of her intestate Jake Smith.    The circumstances of the casualty and the charges of negligence are thus set out in the complaint: "That on or about the first day of May, 1907. Jake Smith, plaintiff's intestate, a boy of tender years, was in the employ of defendant as water carrier and as assistant section hand, and was performing his duties upon the works of defendant company at Charlotte, N. C., and it was his duty as such to supply said hands with water and to assist in loading cars, and to do other duties in connection with said section hands when called upon.    That while he was in the discharge of his duties at said time, he was struck and killed by a heavy steel rail which fell upon him while the same was being loaded or raised by defendant's employees onto a gondola car.    That said injuries and death were due: (1) to the negligence of defendant company in failing to have a sufficient supply of hands to handle said heavy rail; (2) in not furnishing the deceased with a safe place in which to work, and with safe, suitable ways, means and appliances with which to work; (3) to the negligence of the other employees engaged in performing said work, in the manner in which said work was handled, and in permitting the same to fall upon the deceased."    The exceptions of the defendant are numerous and elaborate, but the questions of law on which the case turns are few.

First, was the law of South Carolina or the law of North Carolina applicable? The evidence showed that the boy Jake Smith entered into the contract of employment in South Carolina, and that when killed he was doing work in North Carolina of the kind contemplated by his contract. There was no evidence that the contract expressed or implied that his work should be confined to this state. Questions concerning the applicability of conflicting state laws are usually very perplexing, because of the intricacy of the principles involved and the contrariety of judicial expression on the subject. The question here presented may, however, be regarded settled beyond further discussion, the rule being that in actions of tort based on negligence resulting in death or personal injury, the right of recovery must be determined by the law of the state where the injury was inflicted. The Supreme Court of the United States has expressly so held. *Northern Ry. Co.* v. *Babcock,* 154 U. S. 190, 38 L. Ed. 958; *Slater* v. *Mexican N. Railway Co.* 194 U. S. 120, 48 L. Ed. 900. The great importance of all the states having common rules on questions of conflict of laws is a very strong reason for all courts to follow any rule on the subject laid down by the Supreme Court of the United States. In this State the case of *Dennis* v. *Atlantic C. L. Ry.,* 70 S. C. 254, 49 S. E. 869, was decided on the principle that the cause was to be determined by the law of the place where the injury was received. Numerous authorities in other states to the same effect are collated in 26 Cyc. 1079, *Boston & Maine R. Co.* v. *Hurd,* (Fed.) 56 L. R. A. 193, note. The opinion rendered in *Caldwell* v. *Seaboard A. L. Ry.,* 73 S. C. 443, 53 S. E. 746, contains expressions apparently inconsistent with the rule we have stated, but that case is not an authority against this principle. There the contract of service was made in South Carolina, and there was a subsequent promotion in the service in the state of North Carolina, where the injury was inflicted. The trial Judge left it to the jury to

decide whether the law of North Carolina or that of South Carolina should be applied, the law of South Carolina being more favorable to the defendant. The exception to the charge on this point was not sustained : clearly the defendant could not be heard to complain that the jury were allowed, if they saw fit, to apply the law of South Carolina, more favorable to it, when the less-favorable law of North Carolina was really applicable. So also in this case the same conditions arise. One of the defenses set up was that the death was due to the negligence of the fellow servants of the deceased. The statute of North Carolina introduced by the plaintiff provides that such an action is maintainable notwithstanding the death may have been due to the negligence of fellow servants ; whereas, under the law of South Carolina the action is not maintainable when the death was due to the negligence of fellow servants who were working with the deceased under the conditions appearing here. The less favorable law of North Carolina where the injury was inflicted which resulted in death, being applicable, the defendant could not complain that the Court left it to the jury to determine whether the law of North Carolina or that of this state should be applied.

Second, on the same reasoning there was no error in refusing to direct a verdict for defendant on the ground that the negligence, if any, which produced the fatal injury was the negligence of fellow servants of the deceased.

Third, the point made on motion to direct a verdict for the defendant on the ground that there was no evidence of negligence is one of difficulty. The fatal injury was inflicted in this way : A gang of laborers under the direction of a section master was loading old rails on a gondola car. Eight or ten of the men carried the rail and by stepping on a platform made of cross-ties raised it to the gondola car ; then two men in the car, using the language of one of the witnesses, "would catch hold of it, and ease it around until it fell into the car." The deceased was one of

four laborers at the end of the rail next to the car. The same witness, in describing how the deceased was crushed by one of the rails, said: "When they got it started up, it was a kinder crooked rail, it had two bows in it, and when they got up over the top it flopped over that way and slid around off the car and fell." The evidence was plenary from both sides and without conflict that this method of loading rails in a gondola car was that usually adopted, and there was no suggestion that a better method was available. There was, however, some evidence that the defendant did not have a full force of hands handling the rails, that this particular rail, on account of the crooks in it, was unusually difficult to handle and that the section master was looking on at the work. In view of these facts, the Court could not say that due care did not require a larger force of hands, especially in handling this particular rail. The issue of negligence was therefore properly submitted to the jury.

Fifth, the fifth request of the defendant was properly refused, because it was unsound in making the liability of the defendant depend entirely on proof of negligence of the fellow servants of the deceased; whereas, the main specification of negligence relied on was the failure of the defendant to supply a sufficient force of hands.

The exceptions not particularly referred to depend on the conclusions above announced and must be overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY, *concurring:* The defendant's attorneys requested his Honor the presiding Judge, to charge the jury, as follows:

"If the evidence shows that the deceased was employed in South Carolina, as a laborer on a force of hands, in the employment of defendant, and that under his contract with the defendant, he worked in South Carolina, and afterwards went into North Carolina and was injured while working in

North Carolina, under the contract entered into, in South Carolina, then the law of South Carolina applies, and not the law of North Carolina."

His Honor said: "I charge you that, in connection with what I have already charged you, on that point." The charge as a whole does not show that the appellant was deprived of the benefit of this principle.

The form of the action, whether *ex contractu* or *ex delicto,* could not change the rights of the parties as to the nature, validity and interpretation of the contract.

"When parties enter into a contract, and there is a breach thereof, for which an action may be brought, either *ex contractu* or *ex delicto,* the plaintiff must elect, whether to sue upon the contract or for the tort, as he can only resort to one of said actions. But he cannot by adopting a particular form of action, change the rights of the parties under the contract." *Towles et al.* v. *R. R.* 83 S. C. 501.

The charge was in harmony with the doctrine announced, in the case of *Caldwell* v. *R. R.* 73 S. C. 443, which states the rule correctly, and should be followed until it is overruled.

It seems to me, that the distinction drawn between that case and the one under consideration, is too refined, and will tend to confusion.

I therefore concur only in the result.