WHITE v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Ltd. (LAMB, Third-Party Defendant.)

Civ. A. No. 2285.

United States District Court, E. D. South Carolina, Columbia Division.

Nov. 12, 1949.

to any other district or division where it might have been brought."

At the hearing the defendant Employers' Liability Assurance Corporation, Ltd. and the Third-Party defendant James Harold Lamb submitted affidavits disclosing that all the material witnesses reside in the Western District of South Carolina; that the plaintiff and the Third-Party defendant reside in the Spartanburg Division of the Western District of South Carolina; that the defendant Employers' Liability Assurance Corporation, Ltd. is a corporation organized and existing under the laws of Massachusetts and is doing business in both the Eastern and Western Districts of South Carolina; that the events giving rise to the cause of action alleged in the complaint arose in Union County, Spartanburg Division, Western District of South Carolina; and that the mileage to be traveled by the parties and witnesses from their places of residence to Spartanburg, South Carolina, would be considerably less than the mileage to Columbia, South Carolina. The plaintiff filed no affidavits and offered no evidence in support of his opposition to the granting of the motions.

Section 1404(a) assumes that the action has been instituted in a proper district; it gives the district court discretion to change the place of trial to some other district in which the action might have originally been commenced. The defendant Employers' Liability Assurance Corporation, Ltd. is doing business in the Spartanburg Division of the Western District of South Carolina; the Third-Party defendant James Harold Lamb is a resident of Union County in the Spartanburg Division of the Western District of South Carolina. This action, therefore, might have been brought in the Western District of South Carolina, Spartanburg Division. 28 U.S. C.A. § 1391.

Where the defendant produces evidence to show that a great majority of the material witnesses, the parties to the action, and the scene of the events upon which the action is based, are all in another district at some distance, the defendant

Norbert A. Theodore, Henry H. Edens and Henry Hammer, Columbia, S. C., for plaintiff.

Cooper & Gary, Columbia, S. C., for defendant and third-party plaintiff.

J. R. Flynn, Union, S. C., for third-party defendant.

WYCHE, Chief Judge.

The above case is before me on motions of the defendant Employers' Liability Assurance Corporation, Ltd., and the Third-Party defendant James Harold Lamb, for transfer of the action to the United States District Court for the Western District of South Carolina, Spartanburg Division, under Section 1404(a), Title 28 U.S.C.A., which became effective September 1, 1948, and is as follows: "§ 1404. Change of venue. (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

makes a prima facie showing for a transfer of the action, and the burden is shifted to the plaintiff to show that at least one of the requirements of the statute has not been satisfied. The defendant has made a prima facie showing for a transfer of the action to the Western District of South Carolina, Spartanburg Division. Plaintiff has made no showing to the contrary.

For the foregoing reasons, it is my opinion that for the convenience of parties and witnesses, in the interest of justice, the above stated case should be transferred from the Eastern District of South Carolina, Columbia Division, to the Western District of South Carolina, Spartanburg Division, and

It is so ordered.