Ellio RANDO et al., Plaintiffs,

v.

LUCKENBACH STEAMSHIP CO., Inc., Defendant.

Civ. No. 17125.

United States District Court
E. D. New York.

Sept. 23, 1957.

Emile Z. Berman, and A. Harold Frost, New York City, for defendant Luckenbach Steamship Co. Inc., for the motion.

Di Constanzo & Klonsky, Brooklyn, N. Y., for some plaintiffs, in opposition.

Joseph M. Schwartz, New York City, attorney for plaintiff Carniato, in opposition.

William A. Blank, Brooklyn, N. Y., for some plaintiffs, in opposition.

Alfred S. Julien, New York City, for plaintiffs Dittmar and Beyens, in opposition.

RAYFIEL, District Judge.

The defendant, Luckenbach Steamship Company, Inc., hereinafter referred to as Luckenbach, has moved for an order (1) consolidating certain actions brought against it, (2) extending its time to answer or otherwise move respecting the complaints in said actions, and (3) for unspecified injunctive relief.

At the time the motion was made there were pending against it in this Court some fifty-eight actions to recover damages for personal injuries or for loss of or damage to property, resulting from an explosion and a fire on a pier at the foot of 35th Street, in Brooklyn, New York, on December 3, 1956.

It appears from the affidavit of Emil Z. Berman, Esq., submitted in support of the motion, that, aside from those aforementioned, numerous actions against Luckenbach, seeking similar relief, are pending in various state courts and in the United States District Court for the Southern District of New York, and still other claims have been received by Luckenbach on behalf of hundreds of other persons by whom it is anticipated actions will be commenced.

Among the actions sought herein to be consolidated are a number which were commenced in various state or local courts within the territory embraced in this District, and were removed to this Court under Section 1441 of Title 28, United States Code. One of such actions had been remanded under Section 1447 thereof, without objection. Several others are the subject of pending motions to remand to their respective state or local courts, and will be considered in separate opinions.

The aforementioned affidavit of Mr. Berman states further that many of the actions commenced in state and local courts have not yet progressed to an extent sufficient to permit applications to be made for the removal thereof to this Court, but implies that such applications, as well as a motion to transfer to this Court the actions pending in the Southern District of New York, will in due course be made. Luckenbach asks, in addition, that all actions against it hereafter commenced in or removed to this Court, asserting claims arising from the fire and explosion hereinabove referred to, be consolidated with those now pending in this Court.

Opposition to the application for consolidation has been raised on behalf of those plaintiffs who have moved to remand, and of Richards Quinby and William V. Duffy, Jr., plaintiffs in two actions against Luckenbach now pending in the United States District Court for the Southern District of New York. Although this Court does not now have jurisdiction of the latter two cases, it has, because of the possibility that it may acquire the same, carefully considered the reasons advanced by counsel for their opposition to the application.

■■ A court has broad discretion in ordering consolidation of cases for trial where there is a common question of law and fact. Gillette Motor Transport v. Northern Oklahoma Butane Co., 10 Cir., 179 F.2d 711; Polak v. Koninklijke, D.C., 19 F.R.D. 87. Examination of the pleadings with which we are here concerned leaves no doubt that they involve common questions of law and fact. They differ only in the nature and extent of the injuries and damage alleged to have been sustained by the various plaintiffs.

Unless the actions now pending, as well as those hereafter commenced in or removed to this court, are consolidated, there will necessarily be repeated depositions of the same witnesses, innumerable repetitious applications for discovery and inspection, with the resultant vastly increased expense and delay to litigants, and inconvenience to counsel, witnesses and the court. Individual trials would necessitate frequent repetition of testimony respecting the occurrence which is the basis of all the actions.

Accordingly, all actions against Luckenbach arising from the aforementioned

explosion and fire, which are now pending, or which may hereafter be commenced in or removed to this court, and of which it has jurisdiction, will be consolidated. Of course, every effort will be made to reduce to an approximate minimum the delay and inconvenience incident to the conduct of proceedings under those Civil Rules applicable to depositions and discovery, and to safeguard to the various plaintiffs as early a determination of their claims as is consistent with justice, and as their volume will permit.

The time for Luckenbach to answer or otherwise move respecting the complaints in the actions now pending in this Court will be extended to a date twenty days subsequent to the entry of the order hereon.

The application for injunctive relief is without merit and is therefore denied.