Louis B. Heller, J.
Motion by plaintiffs in the respective actions for an order consolidating Action No. 2, which was pending in the Supreme Court, Kings County, and Action No. 3, now pending in the Supreme Court, Westchester County, with Action No. 1, now pending in the Supreme Court, Kings County.
Action No. 2 has been removed to the United States District Court and the instant motion, to the extent that it relates to said action, has been rendered academic by said removal and transfer. The motion, insofar as it seeks a consolidation of Action No. 3 with Action No. 1 for trial in Kings County, is granted. *518 The actions arose out of the same accident, namely, a mid-air collision of an airplane owned by defendant United Airlines, Inc., with one owned by defendant Trans World Airlines, Inc. In such circumstances where there are undeniably common questions of fact and of law, consolidation is proper and should be granted as a matter of policy if it results in no prejudice to the substantial rights of any of the parties. See Kubran v. Acme Brick Corp. (268 App. Div. 1046); Alexander v. Odgis (272 App. Div. 917); Shlansky & Bro. v. Grossman (273 App. Div. 544); Kelly v. John Vogel, Inc. (279 App. Div. 797); De Luccy v. Ferrara (12 A D 2d 782) and Pasher v. Reisenberg (87 N. Y. S. 2d 872).
The burden of showing prejudice rests upon the party opposing consolidation. (Sherlock v. Manwaren, 208 App. Div. 538, 541, 542; Tammany v. Bloom, 5 A D 2d 996; Vernon v. AMA Electronics, 207 N. Y. S. 2d 312 [App. Term, 2d Dept.] ; Dasheff v. Tennis Club, Westhampton, 25 Misc 2d 13, 16.) No such showing has here been made. The fact that the nature or extent of the damages allegedly sustained may not be the same in both actions does not require a denial of the consolidation (Nilson v. Hudson Tr. Corp., 110 N. Y. S. 2d 893, 895; Slater Trucking Co. v. Maus, 70 N. Y. S. 2d 828, 830). See Peters v. New York Bd. of Fire Underwriters (276 App. Div. 846); Rando v. Luckenbach S. S. Co. (155 F. Supp. 220 [E. D. N. Y.]) and Carmody-Wait, Cyclopedia of New York Practice, (Vol. 2, pp. 472, 473).
The jurisdiction of the court has been invoked in Kings County; the plaintiffs themselves seek a trial of the consolidated actions in said county; and, no showing is made that the convenience of witnesses or other like factors promoting the ends of justice would best be served by a trial elsewhere.. Under such circumstances, the fact that certain of the parties involved in these actions reside in, or, at the time of the accident, were residents of, counties other than Kings County, will not of itself impel the court to fix the venue of the consolidated actions in any such other county outside Kings County. (Cf. Pasher v. Reisenberg, supra.)