**George John OLTMAN, Plaintiff,**

v.

**Archie CURRIE, Jr., and James William Currie, Defendants.**

**Civ. A. No. 8179.**

United States District Court
E. D. South Carolina,
Charleston Division.

· July 16, 1964.

J. D. Parler, St. George, S. C., for plaintiff.

Charlton B. Horger, Orangeburg, S. C., for defendants.

HEMPHILL, District Judge.

Motion for change of venue of an automobile collision case from the Charleston Division, United States Courts for the Eastern District of South Carolina, original venue, to the Orangeburg Division of said District. Plaintiff is a resident of Jacksonville, Florida, and, according to affidavit in behalf of plaintiff, both defendants reside in Harleyville, Dorchester County, South Carolina, in the Charleston Division.[1] Defendants' motion, pitched under provisions of 28 U. S.C. § 1404 [2] pleads convenience of witnesses and interest of justice as justification, promises affidavits to show the same.

---

1. 28 U.S.C. § 121(a) (1) includes Dorchester County in the Charleston Division.

2. 28 U.S.C. § 1404(a) provides:
"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Movant presented one affidavit, that of counsel averring the inconvenience of appearances at Charleston instead of Orangeburg. A jury has not been demanded. Movant discusses a suit brought in State Court, not binding on this Court as the question was not identical, argued that the failure to allege specific acts of negligence against the alleged master indicated a sham defendant.

Opponent's affidavit averred Harleyville residence of defendants, denied inconvenience to named witnesses, attached to the affidavit signed statements of the four main witnesses[3] that it was convenient to appear at Charleston. The complaint alleged one defendant was agent[4] of the other and that both were wilful, etc.[5]

 28 U.S.C. § 1404(c) provides: "A district court may order any civil action to be tried at any place within the division in which it is pending." The burden of establishing inconvenience under the section movant relies upon is upon the moving party; this burden has not been discharged. See Leppard v. Jordan's Truck Line, E.D.S.C., 1953, 110 F.Supp. 811, 817.

On an issue such as this, plaintiff's choice of forum is a factor for the Court to consider; he has chosen the forum allowed him by statute and it is not enough that defendant should desire some other forum, Gower v. Chestnut Ridge Railway Co., D.C., 166 F.Supp. 661, nor that the cause of action arose elsewhere. Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 182 F.2d 305, 310.

As Chief Judge Parker noted in Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360, 362, "Dismissal for inconvenience is not to be visited except when the choice of forum is a real hardship, or an imposition on the court". Such has not been established here.

The motion is denied.

And it is so ordered.

---

3. Plaintiff's answer to defendants' interrogatory No. 1 named these witnesses.

4. Plaintiff's answer to defendants' interrogatories No. 3 and 4 "the defendant, James William Currie, was returning from the Town of Elloree where he had been sent by the defendant, Archie Currie, Jr. * * *"

5. "Joint and concurrent carelessness, negligence", etc.