Melvin **FORESTER**, Libellant

v.

**ELK TOWING CO.**, Respondent.

Melvin **FORESTER**, Plaintiff,

v.

**ELK TOWING COMPANY**, Point Towing
Company and Robert Bosworth,
Defendants.

No. 64–61 in Admiralty,
Civ. A. No. 64–1110.

United States District Court
W. D. Pennsylvania.

May 28, 1965.

Hymen Schlesinger, Pittsburgh, Pa.,
for Melvin Forester.

Donald L. Very, Campbell, Thomas &
Burke, Pittsburgh, Pa., Charles E.
Lugenbuhl, Lemle & Kelleher, New Or-
leans, La., for Elk Towing Co. and oth-
ers.

WEBER, District Judge.

These cases involve a claim for dam-
ages under the Jones Act and the general
maritime law for unseaworthiness, and
an admiralty action for maintenance and
cure arising out of the same accident.
Originally three parties were named as
defendants or respondents in each action,
but upon an answer admitting that Plain-
tiff-Libellant was employed by Elk Tow-
ing Company and denying employment by
the other two defendants-respondents,
Libellant dismissed the claim against the
two other respondents. All three re-
main defendants in the Jones Act claim.
Libellant has also filed a Motion to Ad-
vance the Hearing for Maintenance and
Cure in the admiralty action against the
admitted employer.

The defendants and respondent in each
case has moved to transfer the cause to
the United States District Court for the
Southern District of West Virginia un-
der the provisions of 28 U.S.C. § 1404(a).
Defendant, Elk Towing Company, the
admitted employer is a corporation or-
ganized under the laws of the State of
West Virginia, maintaining its registered
office at Point Pleasant, West Virginia.
The Jones Act, 46 U.S.C. § 688 provides
for venue in "the district in which the de-
fendant employer resides or in which his
principal office is located." Venue of both
actions would be proper in the United
States District Court for the Southern
District of West Virginia, since there is
no venue problem in the admiralty action
here.

The defendants and respondent in the
above actions urge the transfer under the
provisions of 28 U.S.C. § 1404(a). The
cases under this section indicate that the
intention of the statute is: "to have Fed-
eral civil suits tried in the federal sys-
tem at the place called for in the partic-
ular case by considerations of conven-
ience and justice." Van Dusen v. Bar-

rack, 376 U.S. 612 at 616, 84 S.Ct. 805 at 809, 11 L.Ed.2d 945 (1964).

We have applied to this case the standards set forth in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The heavy balance of the factors of convenience of the parties and witnesses and the interests of justice are in favor of such transfer. Defendant, Elk Towing Company, the admitted employer, is a West Virginia corporation, having its principal office in that district. Venue lies in that district. The accident occurred at a point in the Ohio River near Point Pleasant, West Virginia, in that district. The plaintiff lives at Racine, Ohio, which is fifty miles from the seat of the Court at Huntington, West Virginia. His medical treatment was received from four doctors residing forty or forty-five miles from Huntington, West Virginia. The liability witnesses all reside within an approximate radius of fifty miles from Huntington, West Virginia, and are all within the subpoena power of the District Court there. Some are no longer in the employ of Defendant. In addition to the power of subpoena there is the factor of expense and inconvenience to both of the parties if the action were to be tried in Pittsburgh necessitating travel of one hundred fifty to two hundred miles for each witness, plus lodging during the time of trial, whereas in Huntington, West Virginia, most of the witnesses are within reasonable daily commuting distance. From the information secured by defendant-respondent from the Clerk of the United States District Court for the Southern District of West Virginia, and supplied to this Court there does not seem to be a problem of congestion of the court calendar at Huntington, West Virginia, which would unduly delay the trial of this issue.

Plaintiff-libellant is, of course, entitled to consideration of his right to choose the available and proper forum. When other factors are somewhat equally balanced we feel that this choice would determine the issue, Medich v. American Oil Company, 177 F.Supp. 682 (E.D.Pa.

1959). We do not feel that this choice weighs heavily in the instant case against the manifest heavy balance of factors opposed to it. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055. The plaintiff's choice of forum, while still entitled to consideration, is not entitled to the preponderant position formerly given it prior to the enactment of the Judicial Code of 1948, which included § 1404(a) giving broader discretion to consider other factors of convenience of the parties and the witnesses in the transfer of actions. We believe that the plaintiff's choice of highly skilled and experienced counsel in this forum is entitled to no greater weight than is his choice of the forum. This factor standing alone has no significance.

> "Neither the statute nor any decision brought to our attention has made the choice or engagement of counsel a factor to be considered in weighing the convenience of the litigant." Hostetler v. Baltimore & O. R. R. Co., 164 F.Supp. 72, at p. 74 (W.D.Pa.1958).

There is nothing to prevent the expert counsel from this district from appearing specially in the District Court of Huntington, West Virginia. The distance and travel facilities do not impose a great burden to counsel in this situation.

Plaintiff furthermore urges the retention of one or more expert medical witnesses from Pittsburgh to testify on his behalf, as a factor for refusing the transfer. It appears from the evidence presented that these physicians only examined the plaintiff once for the purpose of testifying at the trial, and one prescribed pain pills. The balance of convenience is against them and their testimony can be taken by deposition, or they can travel to Huntington.

The expense and inconvenience to the plaintiff from having these physicians travel to Huntington could be overcome by securing such an examining physician or physicians in the locality of the forum in West Virginia, particularly when the

plaintiff's four treating physicians are located conveniently to the West Virginia forum. A similar answer may be given to plaintiff-libellant's proposal to call three barge men from Pittsburgh as expert witnesses for the purpose of refuting the defense of contributory negligence.

While it has been argued that the residence of the witnesses should not be given much weight when these witnesses are seamen, because of the frequent and prolonged absence of seamen from their residence, this argument does not seem particularly applicable to the witnesses in this case, all of whom including the plaintiff reside in the Southern part of Ohio or the adjacent portion of West Virginia, within a relatively small radius of Huntington, West Virginia, the seat of the Court. It would seem most likely that all or most of them could most conveniently be gathered together at any stated time at the United States District Court in Huntington, West Virginia.

We will, therefore, grant the Motions to Transfer and deny the Motion to Advance Hearing for Maintenance and Cure, and enter an appropriate order in each case.