George E. FARRELL, as Administrator of the Estate of Ralph D. Johnson, deceased et al., Plaintiffs,

v.

AMERICAN FLYERS AIRLINE CORPO-RATION, Defendant.

William McGUIGAN, as Administrator of the Goods and Chattels, Rights and Credits of Robert F. McGuigan, deceased, William W. Bart, as Administrator of the Goods and Chattels, Rights and Credits of William Richard Bart, deceased, and Leo Ray Burnett, Sr., as Administrator of the Estate of Leo Ray Burnett, Jr., deceased, Plaintiffs,

v.

AMERICAN FLYERS AIRLINE CORPO-RATION, Defendant.

See also D.C., 260 F.Supp. 813.

William P. KENNELLY and Dorothy Kennelly as Administrators of the Goods, Chattels and Credits of William T. Kennelly, deceased, Plaintiffs,

v.

AMERICAN FLYERS AIRLINE CORPO-RATION, Defendant.

Helen M. SCHMIDT, as Administratrix of the Goods, Chattels and Credits of Richard A. Schmidt, deceased, Plaintiff,

v.

AMERICAN FLYERS AIRLINE CORPO-RATION, Defendant.

Dorothy WILLS, as Administratrix of the Goods, Chattels and Credits of Lemuel Wills, Jr., deceased, Plaintiff,

v.

AMERICAN FLYERS AIRLINE CORPO-RATION, Defendant.

Elizabeth Holt DAVIDSON, individually and as Parent and Natural Guardian of Barry W. Holt, an infant, deceased, Plaintiff,

v.

AMERICAN FLYERS AIRLINE CORPO-RATION, Defendant.

Nos. 67 Civ. 183, 67 Civ. 1630, 67 Civ. 302, 66 Civ. 2291, 67 Civ. 1562 and 67 Civ. 1772.

United States District Court
S. D. New York.

June 16, 1967.

**342**

Kreindler & Kreindler, New York City, for plaintiffs George E. Farrell and others.

Speiser, Shumate, Geoghan & Krause, New York City, for plaintiffs McGuigan, and others.

Joseph Karow, New York City, for plaintiffs Kennelly, and others.

Siben & Siben, Bay Shore, N. Y., for plaintiff Schmidt.

Joseph F. McGoldrick, New York City, for plaintiff Wills.

Speiser, Shumate, Geoghan & Krause, New York City, for plaintiff Davidson.

Condon & Forsyth, New York City, for defendant.

McGOHEY, District Judge.

The defendant moved under Fed.R. Civ.P. 42(a) to consolidate all of the above actions, and further moved, pursuant to 28 U.S.C. § 1404(a) to transfer them to the Eastern District of Oklahoma where they might have been brought since the defendant is doing business there.[1]

All of the actions arise out of a crash of one of the defendant's airplanes on April 22, 1966, near Ardmore, Oklahoma. The plane, under military charter, was carrying ninety-two soldiers and six employees of defendant. Only fifteen soldiers survived the crash. The plaintiffs are either survivors, guardians of survivors or administrators of the estates of deceased soldier-passengers.

■ In urging consolidation the defendant alleges, in the language of the Rule, that there are common questions of law or fact on the issue of liability. This can hardly be denied. Defendant's answers in all of the actions contain only a general denial and an "Act of God" defense. There is no claim that any plaintiff was contributorily negligent.

■■ Two arguments are urged in opposition to the motion. It is asserted that while most plaintiffs allege negligence in the operation, maintenance and/or ownership of the airplane, some have alleged only operational negligence. Plaintiffs urge denial of the motion because of this difference in legal theories. Any problems occasioned by this difference, however, could be obviated easily by recourse to the procedures available under Fed.R.Civ.P. 49.[2] Plaintiffs next contend that the motion for consolidation is an attempt to contravene an order denying the requested assignment of a Rule 2 Judge in the Farrell, Schmidt and Kennelly actions. Rule 2 of the General Rules of the Southern District of New York provides, in part:

"(b) The * * * chief judge * * upon his own motion or the motion of any party, may assign a long and com-

1. 28 U.S.C. § 1391(c).

2. Fed.R.Civ.P. 49 provides for special verdicts and for general verdicts accompanied by answers to interrogatories.

plicated case to a judge for all purposes including the following: (1) to hear all motions and preliminary applications; (2) to conduct the pre-trial conference; and (3) to preside at the trial of the action."

The grant of a motion to consolidate would clearly not contravene that order. The motion for a consolidated trial, limited to the issue of liability, is granted.[3]

The next motion, to transfer these actions to the Eastern District of Oklahoma, is not the first such motion made by the defendant in an action arising out of this crash.[4] Two of the prior motions were denied by judges in this circuit: Schmidt v. American Flyers Airline Corp.,[5] and Scaramuzzo v. American Flyers Airline Corp.,[6] on facts not substantially different from those presented here.[7] Defendant urges, however, that two significant facts serve to distinguish the instant motion from the prior motions. The first is the increased number of cases now pending in the proposed transferee district. At the time of the prior motions only one action was pending there. To date, in addition to the fifteen actions pending in the Southern District of New York, there are nine actions pending in the proposed transferee district; one action pending in the Eastern District of New York; one in the Eastern District of Arkansas; two in the Northern District of California; and one in the Central District of California.[8]

■ The courts in Schmidt and Scaramuzzo rejected arguments predicated on this, then hypothetical, situation. Those courts noted that even if all actions were transferred, the Oklahoma court would still have to research and decide questions of New York law, and that the prospects

---

3. Rando v. Luckenbach S.S. Co., 155 F. Supp. 220 (E.D.N.Y.1957).

4. Motions to transfer to the Eastern District of Oklahoma were granted in the following actions:

Lara v. American Flyers Airline Corp., 66 Civ. 1308, N.D.Ill., Dec. 8, 1966; Turner v. American Flyers Airline Corp., 66 Civ. 1309, N.D.Ill., Dec. 8, 1966; Dawkins v. American Flyers Airline Corp., 66 Civ. 2165, N.D.Ill., Dec. 8, 1966; Wright v. American Flyers Airline Corp., 263 F.Supp. 865 (D.S.C.1967); Helton v. American Flyers Airline Corp., 263 F.Supp. 865 (D.S.C.1967).

The opinions in the above motions are all annexed to the Bostwick affidavit in support of this motion.

Both the Illinois court and the South Carolina court noted that under their respective state's conflict of laws rule, the law of Oklahoma would control on the question of liability. This is not necessarily the law of New York. Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (1965); Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963); Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961).

5. 260 F.Supp. 813 (S.D.N.Y.1966).

6. 260 F.Supp. 746 (E.D.N.Y.1966).

7. Defendant urges that at present, to facilitate the proposed transfer, it is offering to pay the costs of transporting plaintiffs, their counsel and witnesses to Oklahoma. This offer was presented during reargument of the Scaramuzzo motion. Despite this offer the motion was denied. 260 F.Supp. at 752. The précis of testimony expected to be elicited from defendant's proposed witnesses does not materially differ from that presented to the courts in support of the other two motions. This expected testimony, set forth on the issue of convenience of the witnesses, is considered no more compelling now than it was then.

In passing, it should be noted that both the Schmidt and Scaramuzzo cases have been settled and, therefore, plaintiff's arguments in opposition, to the effect that the present motion should be treated as a reargument of those motions and, as such, is untimely and improper, have not been considered.

8. From the movant's affidavit, it appears that in all of the pending actions arising out of this crash, motions to transfer have been made or will be made in the near future.

# 344

of having a single *consolidated* trial in Oklahoma were, and are, highly speculative.[9] This reasoning applies equally to the present motion. It should be noted further that the defendant has not demonstrated why the increased number of cases in the proposed transferee district compels a transfer "for the convenience of parties and witnesses" or "in the interest of justice." In fact, it appears that a transfer would do nothing more than shift the inconvenience from defendant to plaintiffs.[10]

█ The second factual distinction between the present motion and the prior motions to which defendant draws attention is that in both Schmidt and Scaramuzzo the plaintiffs were citizens of New York, whereas in the actions sought to be transferred by the instant motion some plaintiffs are not New York citizens. In light of the determination of the motion to consolidate, this argument carries little weight. Again, the reasons for denying the motions in Schmidt and Scaramuzzo apply equally here and are, accordingly, adopted.[11]

The motion to transfer is denied.

Settle one order for both motions.

9. Schmidt v. American Flyers Airline Corp., 260 F.Supp. 813, 816–817 (S.D. N.Y.1966); Scaramuzzo v. American Flyers Airline Corp., 260 F.Supp. 746, 750, 752 (E.D.N.Y.1966).

10. Schmidt v. American Flyers Airline Corp., supra note 9, 260 F.Supp., at 815; Scaramuzzo v. American Flyers Airline Corp., supra note 9, 260 F.Supp. at 751.

11. Schmidt v. American Flyers Airline Corp., supra note 9 at 815: "The inconvenience of the * * * [local plaintiffs] outbalances the inconvenience of the ground observers, operational and medical witnesses [of defendant] * * *." Among the plaintiffs in the consolidated action, five are citizens of New York, two are citizens of New Jersey, and one is a citizen of Connecticut. From the affidavits it appears that defendant is not amenable to suit in either New Jersey

or Connecticut, thus making New York a more convenient forum for these plaintiffs. The following conclusion of the court in Scaramuzzo is, therefore, relevant:

"If the determination of this motion were to rest on the balancing of the convenience of the fact witnesses on the liability issue alone, the scales would not favor transfer; add to the weight against transfer, the inconvenience to the plaintiff's witnesses on the issue of damages and the scales weigh heavily against transfer." Scaramuzzo v. American Flyers Airline Corp., supra note 9, 260 F.Supp. at 749. The fact that all of the actions but one involving a New York survivor have been settled, does not alter the fact that the New York area survivors would still be witnesses on the question of liability. It should be additionally noted that none of the survivors are citizens of Oklahoma.